IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHARINE K.,[1] | ) |
| Plaintiff, | ) ) ) |
| | ) No. 22 C 7337 |
| v. | ) ) |
| | ) Magistrate Judge |
| MARTIN J. O'MALLEY, | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Catharine K.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 20] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 26, 2020, Plaintiff filed a claim for SSI, alleging disability since June 26, 2020. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on May 4, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On June 15, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of June 26, 2020. At step two, the ALJ concluded that Plaintiff's spine disorder constituted a severe impairment. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, or scaffolds and only occasionally climb ramps or stairs; can occasionally stoop, kneel, crouch, and crawl; can frequently handle and finger bilaterally; must avoid all exposure to unprotected heights and moving mechanical parts; and may be off task up to 10% of the day, not all at the same time, due to intermittent symptoms. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a phlebotomist. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

5

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in evaluating the impact of Plaintiff's non-severe impairments; (2) the ALJ erred in determining that Plaintiff would be off task only 10% of the workday; and (3) the ALJ erred in evaluating Plaintiff's activities of daily living.

As part of her first argument, Plaintiff contends that the ALJ failed to sufficiently account for her diagnosed narcolepsy. Pertinent to that assertion, the ALJ determined in her decision that Plaintiff's narcolepsy constituted a non-severe impairment. However, Plaintiff's narcolepsy and its attendant exhaustion, fatigue, daytime somnolence, and poor sleep are well document throughout the record. (*See* R. 367-68, 374-75, 396, 403, 1200, 1214.) Plaintiff testified as follows when asked about her narcolepsy at the hearing:

6

> [T]he tiredness is a tiredness that I can't even explain to people and I don't get full sleep like – because I dream from the moment I fall asleep until I wake up and according to my sleep doctor and everybody else who has it, that's not sleep. It's almost like – because my brain never sleeps. My body might get rest, but my brain never rests. So I'm just – I'm – the exhaustion is at a level that nobody will ever understand. . . . It's very depressing. People don't understand it so I can't really say, okay, you know because somebody will ask me hey could you go out, well, I just can't. I'm too tired.

(*Id.* at 63-64.) In support of her determination that Plaintiff's narcolepsy was non-severe, the only reason offered by the ALJ was that "the exams in the record consistently showed she was alert during appointments." (*Id.* at 19.) The ALJ's decision does not provide any further analysis of Plaintiff's narcolepsy.

The Court finds that the ALJ's reasoning concerning Plaintiff's narcolepsy is faulty. The fact that Plaintiff was able to stay alert during relatively short medical appointments does not countervail Plaintiff's documented issues with narcolepsy, including fatigue and the need to sleep during the day. The Court further finds that the ALJ otherwise failed to sufficiently account for Plaintiff's narcolepsy and its attendant symptoms, an error that requires that this matter be remanded. *See Johnson v. Astrue*, No. 09 C 5189, 2010 WL 2813306, at *5 (N.D. Ill. July 9, 2010) (finding remand necessary where "the ALJ failed to articulate sufficiently the grounds for his decision regarding the narcolepsy impairment and failed to build an accurate and logical bridge between the evidence and his conclusion"); *Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *33-34 (N.D. Ill. Nov. 13, 2008); *Gutierrez-Gonzalez v. Astrue*, 894 F. Supp. 2d 1057, 1066 (N.D. Ill. 2012).

7

Plaintiff also argues that the ALJ erred in regards to her utilization of a personal assistant. Pertinent to that contention, the record reflects that Plaintiff receives the aid of a personal assistant as part of the Illinois Department of Human Services' Home Services Program. (R. 342-51.) The Home Services Program provides services to individuals with severe disabilities so they can remain in their homes and be as independent as possible. Plaintiff's personal assistant was designated to help her with bathing, grooming, dressing, meal preparation, laundry, and shopping. (*Id.* at 345.) Despite the documentation, the ALJ apparently disbelieved that Plaintiff utilized a personal assistant because Plaintiff was able to use stairs and "treatment notes do not indicate that the claimant was accompanied by anyone during her appointments." (*Id.* at 27.) The Court finds this reasoning to be nonsensical. Plaintiff reported that she could use stairs *with assistance*. Further, the fact that Plaintiff was able to participate in examinations without her personal assistant present in the room does not mean she did not have one, and Plaintiff indeed testified that her personal assistant drove her to her appointments. (*Id.* at 47.) It was incumbent upon the ALJ to provide an explanation as to how an individual who required an assistant to bathe, feed herself, and accomplish chores could carry out any work tasks adequately to remain employed. The ALJ's failure to provide a coherent explanation in that regard is another error that requires that this matter be remanded.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of Plaintiff's non-severe impairments are properly accounted for, Plaintiff's need for time off-task is properly evaluated, and Plaintiff's daily activities are properly assessed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 20] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                          **ENTERED:**

*[Signature: Maria Valdez]*

**DATE:**     **January 3, 2024**

                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**